FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 NOV -4 PM 2:03

CLERK C. Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JULIE TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-091 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,[1] | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Julie Taylor ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this

---

[1] The Court takes judicial notice of the fact that on February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Accordingly, pursuant to Fed. R. Civ. P. 25(d)(1), the Clerk is **DIRECTED** to substitute Carolyn W. Colvin, Acting Commissioner of Social Security Administration, as Defendant in this case. Nevertheless, for ease of reference, the Court will hereinafter refer to the Acting Commissioner as "Commissioner."

opinion.

I.  BACKGROUND

Plaintiff applied for DIB and SSI in May of 2010, alleging a disability onset date of December 8, 2009. Tr. ("R."), pp. 225-48. The Social Security Administration denied Plaintiff's applications initially, R. 89-96, and on reconsideration, R. 108-111. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. 106-07, and the ALJ held a hearing on January 5, 2012. R. 23-61. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and from Dr. William Stewart, a Vocational Expert ("VE"). Id. On January 31, 2012, the ALJ issued an unfavorable decision. R. 7-22.

Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful employment since December 8, 2009, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*).

2. The claimant has the following severe impairments: degenerative disc disease, degenerative joint disease of the left knee, and bipolar disorder (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 416.920(d) and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work[2] as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except the claimant is limited to occasional climbing of ramps, stairs, ladders, ropes, and scaffolds; balancing; stooping; kneeling; crouching; and crawling. She is further limited to simple work with

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b) & 416.967(b).

2

routine repetitive tasks. The claimant is capable of performing past relevant work as a quality control inspector; surging/sewing machine operator; dietary nursing aide; and poultry plant de-boner, saw operator, and handler. (20 C.F.R. §§ 404.1565 and 416.965).

R. 12-18.

Because the ALJ determined that Plaintiff could perform her past relevant work, the sequential evaluation process stopped, and the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from December 8, 2009, through January 31, 2012 (the date of the decision). R. 18. When the Appeals Council denied Plaintiff's request for review, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because: (1) the ALJ improperly concluded that Plaintiff's carpal tunnel syndrome ("CTS") was not severe; (2) the ALJ improperly found that Plaintiff's testimony regarding her CTS was not fully credible, leading to an erroneous RFC determination that she was capable of performing her past relevant work; and (3) the ALJ failed to include Plaintiff's restrictions resulting from CTS in the hypothetical questions posed to the VE, so that his reliance on the VE's testimony was improper. (See doc. no. 7 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should be affirmed. (See doc. no. 9 (hereinafter "Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence,

3

Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d

4

1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. The ALJ's Severity Determination as to Plaintiff's CTS Is Not Supported by Substantial Evidence.

Plaintiff argues that the ALJ erred at step two of the sequential process by failing to consider her CTS as a "severe" impairment. Pl.'s Br., p. 6. Specifically, she asserts her limitations from CTS "more than minimally impact her ability to perform work related activities and should have been considered a severe impairment," but that the ALJ failed to discuss her CTS or whether it was a severe impairment at step two. Id. The Commissioner downplays the significance of the ALJ's step two determination, asserting that it is unimportant whether an ALJ classifies a particular impairment as severe at step two, so long as he finds the totality of impairments to be sufficiently severe to proceed to the latter steps of the sequential process. Comm'r's Br., pp. 7-8. Thus, the Commissioner argues, "the lack of an express mention of Plaintiff's CTS at step two was not dispositive." Id. at 8.

Because the step two determination as to the severity of particular impairments has ramifications for the analyses to be undertaken in the subsequent steps, the Court does not endorse the characterization of step two set forth in the Commissioner's brief. Nevertheless, the question remains whether the ALJ's omission of Plaintiff's CTS from his step two determination of her severe impairments is supported by substantial evidence; if so, the

ALJ's decision as to this issue must be affirmed.

A severe impairment is one which significantly limits one's ability to perform "basic work activities." 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Basic work activities involve "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). Examples include:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(4) Responding appropriately to supervision, co-workers and usual work situations; and

(5) Dealing with changes in a routine work setting.

Id.

Thus, in order to show a severe impairment, Plaintiff bears the burden of demonstrating that such impairment significantly affects her ability to perform basic work activities. See McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984) (*per curiam*). At the second step of the sequential evaluation process:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. § 404.1520(c). However, the severity test at step two of the sequential process is

designed to screen out only clearly groundless claims. Stratton v. Bowen, 827 F.2d 1447, 1452 (11th Cir. 1987) (citing Baeder v. Heckler, 768 F.2d 547, 551 (3d Cir. 1985) for the proposition that the severity test has been described "as a de minimis requirement which only screens out those applicants whose medical problems could 'not possibly' prevent them from working").

In fact, the Eleventh Circuit describes step two as the "slight abnormality" test. Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) (*per curiam*) (citing Brady, 724 F.2d 914). Under this test,

> an impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

Id. As the Eleventh Circuit has explained, "[s]tep two is a threshold inquiry" and "allows only claims based on the most trivial impairments to be rejected." McDaniel, 800 F.2d at 1031. The claimant's burden is "mild," id., and "the claimant need only show that an abnormality's effect is not so minimal that it would not interfere with [her] ability to work irrespective of age, education, or work experience." Cantrell v. Bowen, 804 F.2d 1571, 1573 (11th Cir. 1986) (*per curiam*).

Here, because he failed to provide any analysis as to Plaintiff's CTS at step two, the ALJ's decision is not supported by substantial evidence. In fact, CTS does not appear in the ALJ's step two discussion as either a severe or non-severe impairment, despite evidence that Plaintiff was diagnosed with CTS by a treating physician, Dr. Nusrat, in January 2010. R. 331. Furthermore, Plaintiff testified that she had undergone surgery for her CTS, and alleged that she still experiences significant restrictions from CTS. R. 36, 47. The Court

7

acknowledges that the Plaintiff bears the burden of proof at step two, and therefore offers no opinion as to whether Plaintiff has met her burden based on the aforementioned evidence. However, in the absence of any such determination by the ALJ, the Court cannot affirm the Commissioner's decision.

The Commissioner goes to great lengths to argue why the ALJ might have found that the medical evidence did not establish Plaintiff's CTS as a severe impairment. She notes, among other things, that the ALJ found during his RFC determination that Plaintiff's subjective pain testimony was not credible, and that no treating physician opined that Plaintiff had any functional limitations based on her physical impairments. Comm'r's Br., pp. 4-8. However, as Plaintiff points out, the Commissioner's attempt to reweigh the medical evidence in an effort to justify the ALJ's decision is improper. (Doc. no. 10, p. 2.) Indeed, the Court's "limited review [of the record] precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*) (citing Bloodsworth, 703 F.2d at 1239). Therefore, whatever the merits of the Commissioner's argument, the critical fact is that her argument was not made by the ALJ at step two, and the Court declines this invitation to conduct a *de novo* review of the evidence with regard to Plaintiff's CTS, as such determination is for the ALJ, not this Court, to make in the first instance. See Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). In sum, because the ALJ failed to discuss Plaintiff's CTS at step two of the sequential analysis, a remand is warranted.

B.  **The ALJ Improperly Discredited Plaintiff's Subjective Testimony as to Her CTS Symptoms in Making His RFC Determination.**

Even if the ALJ's error at step two were harmless, a remand would still be warranted because he failed to sufficiently address Plaintiff's subjective testimony of restrictions due to her CTS in making his RFC determination. Plaintiff asserts that the ALJ failed to address her restrictions from CTS in making his determination, and failed to articulate specific reasons for discrediting her subjective testimony as to such restrictions. Pl.'s Br., pp. 7-8. The Commissioner maintains that the ALJ properly considered all of Plaintiff's alleged impairments in assessing her RFC, and that the ALJ's RFC assessment is consistent with the relevant medical evidence. Comm'r's Br., pp. 8-10. Again, Plaintiff has the better argument.

The Eleventh Circuit has established a three-part standard for evaluating a claimant's complaints of pain and other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial

9

evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*). As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [his] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005).

Here, the ALJ acknowledged Plaintiff's claim that she "has had unsuccessful carpal tunnel surgery," but did not address any of the medical evidence regarding Plaintiff's CTS. R. 15. Similarly, the ALJ did not address Plaintiff's testimony as to her CTS symptoms and the resulting restrictions, nor did he state or discuss his reasons for discrediting such testimony. Id. Ostensibly applying the standard from Holt, supra, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment." Id. Yet in the subsequent discussion of Plaintiff's physical impairments, the ALJ only addressed her knee and back pain. Id. at 15-16. The Court finds that the ALJ did not sufficiently articulate his reasons for discrediting Plaintiff's allegations regarding her CTS symptoms.

Significantly, the ALJ failed to address virtually all of the evidence in the record related to Plaintiff's CTS, calling into question his reliance on the medical record to discredit Plaintiff's allegations. R. 14-16. The Commissioner points out that the ALJ acknowledged Plaintiff's testimony that she could lift a gallon of milk, and that he gave great weight to two

10

state agency reviewing physicians who found no manipulative restrictions. Comm'r's Br., p. 9. However, the ALJ provided no discussion or analysis to indicate that Plaintiff's testimony that she could lift a gallon of milk was used by him to discredit her testimony regarding her CTS symptoms. Moreover, the ALJ only cited the state agency physicians' opinions in his discussion of Plaintiff's physical impairments, which was limited to her back and knee pain, and specifically gave great weight to their opinions that "[Plaintiff] is limited to occasionally performing postural activities." R. 15-16. The ALJ made no mention of the state agency physicians' opinions as to Plaintiff's alleged manipulative restrictions in making his RFC determination. Id. Although the Commissioner argues that under Dyer the ALJ need not discuss every piece of evidence, this principle does not excuse the ALJ's failure to discuss, or even acknowledge, virtually all of the evidence in the record concerning Plaintiff's CTS. 395 F.3d at 1211. As the ALJ cited little or no evidence to support his credibility finding as to Plaintiff's CTS testimony, his finding that such testimony is not credible is not supported by substantial evidence. Furthermore, although the Commissioner again provides her own supposed basis for the ALJ's credibility determination, her attempt to reweigh the medical evidence in an effort to justify the ALJ's decision is improper. See supra Part III.B.

In sum, the ALJ's credibility determination concerning Plaintiff's allegations of restrictions from CTS amounts to the type of "broad rejection" that the Eleventh Circuit has identified as inadequate to withstand judicial scrutiny. See Foote, 67 F.3d at 1561. The Court thus concludes that this provides an additional basis for remanding this case, so that the

ALJ can more fully explain his reasoning as it relates to Plaintiff's subjective complaints.[3]

## IV.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 4th day of November, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[3] In light of its determination that the Commissioner's decision is not supported by substantial evidence due to the ALJ's failure to consider CTS at step two and to sufficiently articulate his reasons for discrediting Plaintiff's testimony regarding her CTS, the Court need not reach Plaintiff's remaining contention.  Of course, on remand, Plaintiff's claims must be evaluated in compliance with the applicable regulations and case law in all respects.  Furthermore, the underlying assumptions of any hypothetical questions presented to a VE must accurately and comprehensively reflect the claimant's characteristics. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."); Coleman v. Barnhart, 264 F. Supp.2d 1007, 1011 (S.D. Ala. 2003) (failing to comprehensively describe a claimant's impairments and limitations is grounds for remanding case for further proceedings).